IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01784-MSK-BNB

PAUL MINICH,

Plaintiff,

v.

JAMES ALDERDEN, and
JACK HALEY (PA),

Defendants.
_____

**ORDER**
_____

This matter arises on the following papers (the "Papers") filed by the plaintiff: **Docs. #39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53**. The Papers are STRICKEN.

The Papers are inappropriate for several reasons. Doc. #51 is a letter addressed to "Your Honor." Doc. #52 is titled "Notice to the Court from Plaintiff Minich." Both of these papers seek relief from the court. "[A] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The plaintiff may not seek a court order through letters and notices. All requests must be made in the form of a motion, and the request must be titled as a motion.

The plaintiff does not certify that he served a copy of the Papers on counsel for the defendants. Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b).

Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

In Doc. #52, the plaintiff requests that the court "eFile or send copies" of his papers to the defendants "due to cost to plaintiff."  The request is denied.  The plaintiff is responsible for serving all papers on counsel for the defendants.

In addition, Doc. #51 is addressed to me and/or the district judge.  The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer.  Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

Finally, Docs. #40-50 are either discovery requests to the defendants or objections to the defendants' discovery requests.  All discovery requests and responses must be served directly on the defendants.  Discovery materials shall not be filed with the court.  Fed. R. Civ. P. 5(d).

IT IS ORDERED:

(1)  Docs. #39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53 are STRICKEN;

(2)  All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

(3)  All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service;

(4)  The plaintiff shall cease filing discovery materials with the court; and

(5)  Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated January 31, 2011.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge