IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01784-MSK-BNB

PAUL MINICH,

Plaintiff,

v.

JAMES ALDERDEN, and
JACK HALEY (PA),

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915,

without payment of an initial partial filing fee.  The order states, in part:

> Although he need not pay an initial partial filing fee, Plaintiff
> remains obligated to pay the required $350.00 filing fee through
> monthly installments as directed in this Order.  According, it is
>                                    * * *
> FURTHER ORDERED that Plaintiff may proceed in this action
> without payment of an initial partial filing fee.  Plaintiff remains
> obligated to pay the full amount of the required $350.00 filing fee
> pursuant to 28 U.S.C. § 1915 (b)(1) regardless of the outcome of
> this action.  It is
>
> FURTHER ORDERED that, until the $350.00 filing fee is paid in
> full, Plaintiff shall make monthly payments to the Court of twenty
> percent of the preceding month's income credited to his account or
> show cause why he has no assets and no means by which to make
> each monthly payment.  Plaintiff is directed to make the necessary
> arrangements to have the monthly payments identified by the civil
> action number on this Order.  Plaintiff must file a current certified
> copy of his trust fund account statement to show cause.  It is
>
> FURTHER ORDERED that if Plaintiff fails to have the
> appropriate monthly payment sent to the Clerk of the Court each

> month or to show cause each month, as directed above, why he has
> no assets and no means by which to make the monthly payment,
> the Complaint may be dismissed without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an*

*Initial Partial Filing Fee* [Doc. # 6], pp. 2-3.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account," provided the

prisoner's account exceeds $10.00.  This provision requires the prisoner to make the payment at

the time his account is credited, before the prisoner engages in other, discretionary spending.

Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo.

December 19, 2000).

The plaintiff has not made monthly payments to the court nor has he shown cause why he

cannot make payments for the months of August, September, October, November, and December

2010.  Therefore, I ordered the plaintiff to either make the required monthly payments or show

cause why he cannot on or before February 25, 2011 [Doc. #69].  In addition, I stated the

following:

> It is not acceptable for plaintiff to meet his monthly obligations
> only when specifically called upon by the court through an order to
> pay or show cause.  Such a procedure unreasonably burdens the
> court.  Consequently, hereafter I will require plaintiff, by the **15th**
> **day** of **each** month and without any further notice from or order of
> the court, either to make the required monthly payment for each
> preceding month or to file a certified copy of his inmate trust fund
> account statement for the preceding month demonstrating that he
> has no assets and no means by which to make the monthly
> payment.
>
> Plaintiff is further advised that making purchases at the canteen in
> lieu of making his required monthly payments fails to demonstrate
> good cause for his nonpayment.  See Cosby v. Meadors, 351 F.3d

1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

Id. at pp. 2-3.

I cautioned the plaintiff that if he failed to comply with my order, the complaint and this civil action could be dismissed without further notice.  Id. at p. 3.

In his response to my show cause order [Doc. #79], the plaintiff states that he does not have adequate funds to pay the court.  Attached to the response is a certified copy of his trust fund account statement for the month of January 2011.

The plaintiff did not make the required monthly payments for August, September, October, November, and December 2010, nor did he show cause why he cannot make the payments by submitting a certified copy of his trust fund account statement for those months. Therefore, he has failed to comply with my *Order to Show Cause* [Doc. #69] and the *Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee* [Doc. # 6], and the court may dismiss the action pursuant to D.C.COLO.LCivR 41.1.[1]

---

[1]Local rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

3

The plaintiff also states that "[t]he court can contact Accounting for the Colorado Department of Corrections . . . and arrange for twenty (20) percent to be paid directly to the court."  However, under the specific language of the court's order granting leave to proceed under 28 U.S.C. § 1915, the responsibility for ensuring that monthly filing payments are made, or demonstrating why such a payment cannot be made, remains with the plaintiff.  This is the standard practice of the United States District Court for the District of Colorado in all prisoner cases.  Accordingly, the plaintiff must monitor his own financial resources and work within the applicable rules and regulations existing at the facility where he is incarcerated to ensure that his monthly filing fee obligations are met.  Plaintiff must make the required monthly payments or show cause each month why he has no assets and no means by which to make the monthly payment.  It is not the court's responsibility to contact the Department of Corrections to arrange direct payment of the filing fee.

Before recommending dismissal of this case as a sanction, I must consider the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective.  See Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003).

I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the court's orders is minimal and, without more, would be insufficient to warrant dismissal.  I note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous litigation.  Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997).

4

Defendants, and the courts, are burdened by frivolous civil rights cases.  Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

With regard to the second factor, the plaintiff's failure to comply with court orders has caused disruption to the judicial process.  Instead of attending to the merits of this case and others, I have been required to devote attention to this plaintiff's failure to comply with court orders and §1915(b).  In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the court to exercise its case administration authority.  Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff alone is responsible for failing either to make his payments or show cause why he cannot in compliance with the court's order.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements, beginning with the order granting leave to proceed *in forma pauperis*, which stated:

> [I]f Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment the Complaint may be dismissed without further notice.

5

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee* [Doc. #6] at p.3 (emphasis added).

Finally, I conclude that no sanction less than dismissal without prejudice would be effective. The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from the plaintiff's failure to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the court's orders of August 6, 2010, and January 31, 2011.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

6

Dated February 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge