IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-01784-MSK-BNB

PAUL MINICH,

    Plaintiff,

v.

JAMES ALDERDEN, and
JACK HALEY (PA),

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
_____

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider **[#112]** the Court's Order Adopting the Recommendation of the Magistrate Judge and Dismissing the Case **[# 107]**. No response was filed by the Defendant.

This action was initiated on July 28, 2010 by Mr. Minich, who is currently incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He appears *pro se*.[1] Mr. Minich was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 by Order **[#6]** dated August 6, 2010. That Order required that, so long as the balance in Mr. Minich's

---

[1] Due to his *pro se* status, the Court construes Mr. Minich's pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Minich of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

account exceeded $10, he pay 20% of each month's income to the Court in partial satisfaction of his $350 filing fee; if no payment would be made, Mr. Minich was required to file a current certified copy of his inmate trust account statement to establish his inability to pay.

Mr. Minich submitted neither periodic payments nor certified copies of his inmate trust account statement for the months of August, September, October, November, and December 2010. As a consequence, on January 31, 2011, the Magistrate Judge issued an Order To Show Cause **[#69]**, requiring Mr. Minich either to make the payments past due or "show cause why he cannot." The Magistrate Judge cautioned Mr. Minick that if he failed to comply with this Order, the action could be dismissed.

In response to this Order, Mr. Minich submitted a copy of his trust fund account statement for January 2011, but he submitted nothing for the months of August through December 2010, neither payment nor account statements **[#79]**.

As a result, the Magistrate Judge recommended **[#83]** dismissal of this case, having considered the factors set forth in *Ehrenhaus v. Reynolds*, 965 F2d 916, 921 (10th Cir 1992). Mr. Minick filed a timely Objection **[#92]** and submitted a document called a banking history that reflected transactions in his account between January 1, 2011 and February 18, 2011. He later submitted his account statement for February 1- March 1, 2010 **[#94]** and his account statement for March 1- April 1, 2010 **[# 101]**.

On April 8, 2011, in a lengthy text order **[#107]** that was mailed to Mr. Minich, the Court found that he was still non-compliant because he had not submitted any account statements or made any payment for the months August - December 2010, and his February and March statements showed income in excess of $10.00, with the account balance on the March

statement marked out. As a result, the Court adopted the Magistrate Judge's recommendation and dismissed the case.

Mr. Minich has now filed a motion **[#112]** seeking reconsideration of this Court's dismissal. Mr. Minich contends: (i) he did not receive the April 8, 2011 Order until May 9, 2011 (and, in turn, filed the motion to reconsider on May 11, 2011); (ii) he did not submit account statements for August - December 2010 because the Court did not ask for them; (iii) the Court "overlooked the Plaintiff's available balance, showing his true amount he has access to"; (iv) the Magistrate Judge's Recommendation was "filed prematurely," insofar as the Magistrate Judge's Order to Show Cause gave Mr. Minich until February 25, 2011 to comply, but the Magistrate Judge issued the Recommendation on February 16, 2011; (v) in his Objections, he requested that the Court provide him with "proper forms" so he could have the Department of Corrections "remove the 20 percent the Court requires"; (vi) his statements show that his "spending is for legal mail and legal copies which brings [his] available balance below ten dollars"; (vii) he has continued to send in his monthly account statements since filing the Objections; and (viii) a somewhat unclear contention that appears to contend that, because he has legal cases pending in other courts, requiring him to make filing fee payments would "deny him access to the court." As the ensuing discussion reveals, most of these arguments are irrelevant and need not be addressed.

The Court need not extensively recite the standards governing motions for reconsideration, as it finds no basis to set aside or modify its earlier ruling. The August 6, 2010 Order unambiguously instructs Mr. Minich that, each month, he must either make the appropriate partial filing fee payment or show cause why he cannot make a payment. In order to

properly show cause for not making a month's payment, Mr. Minich was instructed that he "must file a current certified copy of his trust fund account statement." The Magistrate Judge's Order to Show Cause clearly recited the fact that Mr. Minich "has not made monthly payments to the court nor shown cause why he cannot make payments for the months of August [-] December 2010," and instructed that he "either make the required monthly payments or show cause why he cannot." Contrary to Mr. Minich's contention that the Court "did not ask for" copies of the August - December account statements, there is no ambiguity in the Order to Show Cause's instruction: to comply, Mr. Minich was required to either immediately make the "monthly payments" that were due from August - December 2010, or to show cause why each of those payments should be excused. To be excused from making those payments, Mr. Minich was required to tender certified copies of his inmate trust account statement for each of the months in question. He did not do so,[2] and thus, he failed to comply with the Order to Show Cause, warranting the sanction of dismissal.

Mr. Minich believes that, by tendering account statements for January - March 2011, he has satisfied his obligations. But those statements shed no light on whether Mr. Minich was able to make filing fee payments from August - December 2010, and thus do not discharge Mr. Minich's obligations under the Order to Show Cause. The fact that Mr. Minich maintained a balance below $10 from January - March 2011 does not shed any light on his balances from

---

[2]Mr. Minich is correct that the Magistrate Judge's Order to Show Cause set February 25, 2011 as the deadline for Mr. Minich to respond. However, Mr. Minich did respond to the Order to Show Cause on February 9, 2011, and his response gave no indication that a supplemental response – *i.e.* one containing the required account statements – would be forthcoming. Thus, the Magistrate Judge did not abuse his discretion in assuming that Mr. Minich's February 9 response constituted all Mr. Minich wished to present on the issue and thus, the issuance of the Recommendation prior to February 25 was proper.

August - December 2010.[2]

Accordingly, the Court finds nothing in Mr. Minich's motion to reconsider that would warrant revisiting the prior ruling.  Mr. Minich's Motion for Reconsideration **(# 112)** is **DENIED**.

Dated this 29th day of February, 2012

                                              **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                                Marcia S. Krieger
                                                United States District Judge

---

[2]The Court also notes that, although Mr. Minich's end-of-month balance in January 2011 was below $10, a review of the account statement reveals that a filing fee payment was due that month.  As the Magistrate Judge's Recommendation explained, the duty to make a filing fee payment is triggered at the moment the inmate's account is credited with the inmate's monthly wages.  *Harris v. Colo. Dept. of Corrections*, 2000 WL 33193816 (D. Colo. Dec. 19, 2000) (slip op.).  If that credit brings the account balance above $10, a payment is due, even if subsequent spending by the inmate reduces the balance below $10.  The reason for this rule is to ensure that the Court's status as a creditor is honored before the inmate proceeds to spend the balance in the account on personal expenses.

Mr. Minich was credited with $13.20 of wages on January 20, 2011, which brought his account balance to $23.99 (although it appears that a pending canteen order had yet to be debited against his account, making his actual balance of that date $11.10).  Because that deposit put Mr. Minich's balance over $10, a partial payment of his filing fee was due, even though Mr. Minich's balance later fell below the $10 threshold.  Nevertheless, Mr. Minich did not make a payment in January 2011.  This evidences why it is required that inmates supply their account statements for each month in which they contend that no partial filing fee payment is due.